IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SARAH MOZINGO MARTIN and** | § | |
| **MARY S. MOZINGO,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-3953-L** |
| | § | |
| **TREND PERSONNEL SERVICES and** | § | |
| **DAN W. BOBST,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss For Lack of Subject-Matter Jurisdiction (Doc. 8), filed on October 17, 2013. After careful consideration of the motion, response, reply, record, and applicable law, the court **denies** Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

### I.    Background

On December 14, 2010, Plaintiffs Sarah Mozingo Martin and Mary S. Mozingo ("Plaintiffs") filed a lawsuit in the United States District Court for the District of Kansas alleging that Trend Personnel Services and its President and CEO, Dan W. Bobst ("Defendants"), failed to pay life insurance benefits and breached their fiduciary duty in violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). In that proceeding,

> Plaintiffs provided the district court with a bonus agreement, which set forth the terms of the life insurance plan. Each party agreed the bonus agreement was not an ERISA plan document. Plaintiffs, however, asserted a formal ERISA plan may exist, but they would need discovery to find it. Consistent with the parties' position, the district court decided that the bonus agreement is not an ERISA plan document.

> Applying a forum selection clause contained in the bonus agreement, the district court dismissed the action for improper venue without allowing further discovery.

*Mozingo v. Trend Personnel Servs.*, 504 F. App'x 753, 754 (10th Cir. 2012). On appeal to the Tenth Circuit Court of Appeals, Plaintiffs for the first time contended that the Bonus Agreement itself is an ERISA plan document and that the district court prematurely dismissed the action pursuant to the forum selection clause where a formal ERISA plan document may exist. *Id.* The Tenth Circuit affirmed the decision of the District of Kansas, concluding that Plaintiffs waived their argument that they could establish through additional discovery that the Bonus Agreement was an employee welfare benefit plan that was not subject to transfer under the forum selection clause, and that Plaintiffs failed to preserve their argument regarding additional discovery of a formal ERISA plan document. *Id.* at 755-57.

Plaintiffs then filed this lawsuit in the Dallas Division of the United States District Court for the Northern District of Texas. Doc. 2. They now contend that the Key Employee Restricted Bonus Agreement is itself an ERISA plan document, and that Defendants breached their fiduciary duties and made material misrepresentations to decedent Sam C. Mozingo that justify the application of equitable estoppel to bar Defendants from denying life insurance benefits. *Id.* at 7-9. Defendants seek dismissal of this lawsuit under Federal Rule of Civil Procedure 12(b)(1). They contend that the court lacks subject matter jurisdiction over the case because the District of Kansas and Tenth Circuit Court of Appeals both found as a matter of law that the Bonus Agreement was not an ERISA plan document. Doc. 8 at 1-2. Defendants therefore urge the court to apply collateral estoppel and dismiss this lawsuit. *Id.*; s*ee also* Doc. 20. Plaintiffs respond that they did not concede, at least on appeal, that the Bonus Agreement is not a plan governed by ERISA, and that under Fifth Circuit precedent, the agreement is, indeed, a plan document. Doc. 12.

**Memorandum Opinion and Order – Page 2**

## II.     Legal Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States[,]" or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.,* 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state

a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.,* 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As,* 241 F.3d at 424.

Collateral estoppel, also known as issue preclusion, "applies to prevent issues of ultimate fact from being relitigated between the same parties in a future lawsuit if those issues have once been determined by a valid and final judgment." *Vines v. University of Louisiana at Monroe,* 398 F.3d 700, 705 (5th Cir. 2005) (citing *Ashe v. Swenson,* 397 U.S. 436, 443 (1970)); *see also* Restatement (Second) of Judgments § 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between parties, whether on the same or a different claim."). Collateral estoppel "is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.,* 403 F.3d 272, 290 (5th Cir. 2005) (citing *Southmark Corp. v. Coopers & Lybrand* (*In re: Southmark Corp.*)*,* 163 F.3d 925, 932 (5th Cir. 1999)); *see also Falcon v. Transportes Aeros de Coahuila, S.A.,* 169 F.3d 309, 312 (5th Cir. 1999). In addition to these three elements, the court must also determine that there is no special circumstance that would make it unfair to apply the doctrine of collateral estoppel. *Winters v. Diamond Shamrock Chem. Co.,* 149 F.3d 387, 391 (5th Cir. 1998).

"[A] right, question, or fact distinctly put in issue and directly determined as a ground of recovery by a court of competent jurisdiction collaterally estops a party or his privy from relitigating the issue in a subsequent action." *Freeman v. Lester Coggins Trucking, Inc.,* 771 F.2d 860, 862 (5th

Cir. 1985) (quoting *Hardy v. Johns-Manville Sales Corp.,* 681 F.2d 334, 338 (5th Cir. 1982)). If a litigant has fully and fairly litigated an issue, third parties unrelated to the original action can bar the litigant from relitigating that same issue in a subsequent suit through the principle of nonmutual collateral estoppel. *See United States v. Mollier,* 853 F.2d 1169, 1175 n.7 (5th Cir. 1988). While complete identity of all parties is not required, the party against whom the collateral estoppel would be applied generally must either have been a party, or privy to a party, in the prior litigation. *Vines,* 398 F.3d at 705.

### III. Analysis

The sole basis for Defendants' Rule 12(b)(1) motion is their belief that the court lacks subject matter jurisdiction "[b]ecause the bonus agreement has been previously ruled as a matter of law to not fall under 'ERISA[.]'" Doc. 8 at 2. That is, Defendants argue that Plaintiffs' claims are barred by collateral estoppel because Plaintiffs have already stipulated – and two courts have held – that the agreement at issue in this lawsuit is not an ERISA plan document, and therefore Plaintiffs cannot establish federal question jurisdiction by stating a claim under ERISA. Doc. 20 at 3.

In the proceeding before the District of Kansas, Plaintiffs contended that dismissal under the forum selection clause was inappropriate because the provision is not contained in an ERISA plan document. *Mozingo v. Trend Personnel Servs.*, No. 10-CV-4149-JTM/DJW, Doc. 21 at 2-3. They argued that their state law claims under the Bonus Agreement would be preempted by ERISA, so the forum selection clause in the Bonus Agreement would be irrelevant – especially if there was a forum selection clause in a separate, undiscovered ERISA plan. *Id.* Accepting the parties' stipulation, the district court rejected Plaintiffs' contention that the forum selection clause in the Bonus Agreement was meaningless due to ERISA preemption; it held that "because the Bonus

Agreement is not an ERISA plan document, the question of whether the forum selection clause in it can be invalidated under ERISA is irrelevant." *Mozingo v. Trend Personnel Servs.*, No. 10-4149-JTM, 2011 WL 3794263, at *4 (D. Kan. Aug. 25, 2011). The Tenth Circuit, faced with a contradictory contention by Plaintiffs that the agreement *was* an ERISA plan document, found that Plaintiffs were not permitted to raise the argument because it was inconsistent with their previous posture and was not considered by the lower court. *Mozingo*, 504 F. App'x at 755-56.

Defendants have not established that Plaintiffs are estopped from bringing this lawsuit under ERISA. The rule of collateral estoppel instructs that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude litigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). "Collateral estoppel applies when, in the initial litigation, (1) the issue at stake in the pending litigation is the same, (2) the issue was actually litigated, and (3) the determination of the issue in the initial litigation was a necessary part of the judgment." *Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc.,* 434 F.3d 320, 323 (5th Cir. 2005). "The party seeking to assert that an issue was already adjudicated upon bears the burden of proving that contention, particularly where the record is ambiguous or confusing." *In re Braniff Airways, Inc.,* 783 F.2d 1283, 1289 (5th Cir. 1986).

Defendants have not established that the issue of whether the Bonus Agreement is an ERISA plan document was "actually litigated." It is clear from the record that Plaintiffs conceded that the Bonus Agreement was not an ERISA plan document. Plaintiffs' stipulations, however, do not have issue-preclusive effect. *See Jones v. Halliburton Co.,* 791 F. Supp. 2d 567, 590 (S.D. Tex. 2011) (citing *Arizona v. California*, 530 U.S. 392, 415 (2000) (A Tax Court decision, entered pursuant to

the parties' stipulations, has no issue preclusion effect.) & *Jack Faucett Assocs., Inc. v. American Tel. & Tel. Co.,* 744 F.2d 118, 132 (D.C. Cir. 1984) ("Generally speaking, when a particular fact is established not by judicial resolution but by stipulation of the parties, that fact has not been 'actually litigated' and thus is not a proper candidate for issue preclusion.")). Collateral estoppel "is limited to matters distinctly put in issue, litigated, and determined in the former action." *Brister v. A.W.I., Inc.,* 946 F.2d 350, 354 (5th Cir. 1991) (quoting *Diplomat Elec., Inc. v. Westinghouse Elec. Supply Co.,* 430 F.2d 38, 45 (5th Cir. 1970)); *accord Next Level Commc'ns LP v. DSC Commc'ns Corp.,* 179 F.3d 244, 250 (5th Cir. 1999). "An issue resolved by stipulation is neither litigated nor determined by the court in the sense that the doctrine of collateral estoppel normally requires." *Environmental Def. Fund, Inc. v. Alexander*, 467 F. Supp. 885, 905 (N.D. Miss. 1979) (citation omitted); *see also Colindres v. QuitFlex Mfg*., 235 F.R.D. 347, 362 (S.D. Tex. 2006). Because Plaintiffs stipulated that the Bonus Agreement was not an ERISA document, the topic was not placed in issue, litigated, or determined by the District of Kansas.

In addition, the finding that the Bonus Agreement was not an ERISA plan document was not a necessary part of any final judgment of the District of Kansas and the Tenth Circuit. Plaintiffs' complaint was not dismissed, nor was any judgment entered by the District of Kansas. Instead, that court found that the lawsuit was subject to dismissal for improper venue under a valid forum selection clause. This is not a final judgment on the merits. Moreover, the determination that the Bonus Agreement is not an ERISA plan document was not in any way necessary to the dismissal of Plaintiffs' original lawsuit under the forum selection clause. Plaintiffs argued in that action that a forum selection clause in an ERISA document would be controlling – "[i]f the ERISA plan documents contain a forum selection clause, then that forum selection clause is enforceable."

**Memorandum Opinion and Order – Page 7**

*Mozingo v. Trend Personnel Servs.*, No. 10-CV-4149-JTM/DJW, Doc. 21 at 3. Had the district court found that the Bonus Agreement was, in fact, an ERISA plan document, it would still have enforced the forum selection clause. That is, dismissal without prejudice of the Kansas lawsuit would have occurred no matter whether the Bonus Agreement was found to be an ERISA plan document. The issue could not have been essential to the dismissal.

The court therefore determines that Plaintiffs' ERISA claims were not previously adjudicated by the District of Kansas, actually litigated, or necessary to the final judgment of that court. Defendants have not established that Plaintiffs are collaterally estopped from bringing a claim under ERISA in this court. The court accordingly has federal question jurisdiction over Plaintiffs' ERISA claims.

## IV. Conclusion

For the reasons herein stated, the court **denies** Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction (Doc. 8).

**It is so ordered** this 26th day of June, 2014.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge